UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Esmerlyn Diaz,

                        *Plaintiff*,

              - *against* -

Ruddy Aragones (a/k/a Rudy Aragones),

                        *Defendant*.
------------------------------------------------------------X

Case No.: 23-cv-00141

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

      Plaintiff Esmerlyn Diaz ("Plaintiff" or "Diaz"), by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this complaint against Defendant Ruddy Aragones (a/k/a Rudy Aragones) (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this lawsuit seeking recovery against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

      2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

      3.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ESMERLYN DIAZ**

6. Plaintiff Diaz was employed as a waitress, cleaner, and general worker at Defendant's restaurant known as "Chimi Mundo" located at 9805 Atlantic Ave., Queens, NY 11416.

7. Plaintiff Diaz was employed as a non-managerial employee at Chimi Mundo from on or around June 2022 through and including December 20, 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT RUDDY ARAGONES (A/K/A RUDY ARAGONES)**

9. At all times relevant hereto, Defendant Ruddy Aragones (a/k/a Rudy Aragones) maintained an address at: (i) 1409 Jefferson Ave., Brooklyn, NY 11237, and alternate addresses at, (9805 Atlantic Ave., Queens, NY 11416; and an alternate address at: (ii) 664 Knickerbocker Ave., Brooklyn, NY 11237

10. At all times relevant to this Complaint, Defendant Ruddy Aragones (a/k/a Rudy Aragones) (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. Defendant's employees, including Plaintiff, regularly handled goods that originated out-of-state, such as alcohol, cleaning supplies, silverware, napkins, and credit card machines, which were necessary to perform their duties as waitresses, cleaners, and general workers.

12. Defendant Ruddy Aragones (a/k/a Rudy Aragones) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

13. Defendant Ruddy Aragones (a/k/a Rudy Aragones) determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

14. At all times relevant to this Complaint, Defendant Ruddy Aragones (a/k/a Rudy Aragones) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff was an employee of Defendant.

16. Plaintiff was employed as a waitress, cleaner, and general worker at Chimi Mundo, from on or around June 2022 through and including December 20, 2022.

17. Plaintiff's work duties required neither discretion nor independent judgment.

18. From approximately June 2022 through and including September 2022, Plaintiff worked six (6) to seven (7) days per week as follows: Sunday through Thursday from approximately 7:00 p.m. to 4:00 a.m. (*i.e.*, 9 hours per day), and Friday and Saturday from approximately 7:00 p.m. to 7:00 a.m. (*i.e.*, 12 hours per day) for a total period of approximately

3

60 to 69 hours during each of the weeks, respectively.

19. From approximately October 2022 through and including December 20, 2022, Plaintiff worked four (4) days per week as follows: Sunday through Thursday from approximately 7:00 p.m. to 4:00 a.m. (*i.e.*, 9 hours per day), and Friday and Saturday from approximately 7:00 p.m. to 7:00 a.m. (*i.e.*, 12 hours per day) for a total period of approximately 42 hours during each of the weeks, respectively.

20. From approximately June 2022 through and including December 20, 2022, Defendant paid Plaintiff a flat salary of $80 per day.

21. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours.

22. At all relevant times, Defendant maintained a policy and practice of unlawfully appropriating Plaintiff's, and other tipped employees', credit card tips and made unlawful deductions from Plaintiff's and other tipped employees' wages.

23. At all relevant times herein, Defendant only distributed cash tips to Plaintiff,.

24. Credit card tips were required to be distributed to non-tipped managers at Chimi Mundo, *to wit*: Ruddy Aragones (a/k/a Rudy Aragones).

25. As the owner and manager of Chimi Mundo, Ruddy Aragones (a/k/a Rudy Aragones) should not have taken a share of Plaintiff's tips.

26. The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

27. The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

28. Defendant did not establish, maintain, and preserve records as required by law, or

did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

29. Defendant did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

30. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

31. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

32. Defendant did not give any notice to Plaintiff of Plaintiff's rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

33. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

34. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

35. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

36. Defendant has failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

5

37. Due to Defendant's violations of the FLSA, Plaintiff is entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

38. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

39. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

40. Defendant were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

41. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

42. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

43. Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

44. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

45. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

46. Defendant has failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

47. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

48. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

49. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

50. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

51. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

52. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

53. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

54. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. Defendant willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

56. By Defendant's failure to pay Plaintiff spread-of-hours pay, Defendant willfully violated § 650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

57. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

60. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

8

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

61. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

62. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

63. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

64. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (NYLL – Unlawful Deductions from Tips)

65. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66. At all relevant times, Defendant were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

67. New York State Labor Law § 196-d prohibits any employer or his agents,

including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

68. Defendant unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

69. Defendant knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

70. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

71. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72. Defendant has made unlawful deductions and required kickbacks from Plaintiff's wages, including but not limited to, deductions from Plaintiff's gratuities.

73. The deductions made from Plaintiff's wages have not been authorized or required by law.

74. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

75. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendant has willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

76. Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover from Defendant the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

c. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

d. declaring that Defendant violated the tip theft provisions of the NYLL and the NYDOL regulations;

e. awarding Plaintiff unpaid minimum wages;

f. awarding Plaintiff unpaid overtime wages;

g. awarding Plaintiff unpaid gratuities;

h. awarding Plaintiff unlawfully deducted wages;

i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

k. awarding Plaintiff pre- and post-judgment interest under the NYLL;

l. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m. Such other relief as this Court deems just and proper.

Dated: New York, New York
May 28, 2025

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
Jason Mizrahi
Levin-Epstein & Associates, P.C.
420 Lexington Ave., Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff*