UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ESMERLYN DIAZ,

Plaintiff,

-against-

RUDDY ARAGONES,

Defendant.

**REPORT AND RECOMMENDATION**

23-CV-141 (ENV) (CHK)

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Plaintiff Esmerlyn Diaz brings this action against Defendant Ruddy Aragones for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in connection with her previous employment at Defendant's restaurant, Chimi Mundo. Plaintiff alleges several claims against Defendant, including claims for unpaid wages and overtime compensation under the FLSA and the NYLL and violations of recordkeeping, wage notice, and wage statement requirements under the NYLL. Am. Compl. ¶¶ 34–76, ECF No. 22.

Currently before the Court, on referral from the Honorable Eric N. Vitaliano, is Plaintiff's motion for default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. Mot. for Default Judgment ("Mot."), ECF No. 37. For the reasons that follow, I recommend that Plaintiff's motion for default judgment be denied and that Plaintiff be given 30 days to file a second amended complaint.

## I. Background

The following facts are taken from Plaintiff's operative amended complaint and are considered true as to liability for the purposes of this default judgment motion. *See generally* Am. Compl., ECF No. 22; *Exim, Inc. v. Innogarant, LLC*, No. 10 CV 5271 (CM), 2011 WL 240130, at *4 (S.D.N.Y. Jan. 19, 2011) ("On a motion for default judgment, the well-pleaded facts in the complaint relating to liability must be taken as true.").

Plaintiff worked as waitress, cleaner, and general worker at Chimi Mundo, a restaurant owned and managed by Defendant, from June to December 2022. Am. Compl. ¶¶ 16–20. Plaintiff worked at Chimi Mundo four to seven days per week for about 42–69 hours per week. *Id.* ¶¶ 18–19. Plaintiff was paid a flat rate of $80 per day, without regard to the amount of hours she worked each day. *Id.* ¶ 20–21. Plaintiff also regularly worked over 40 hours per week but never received overtime pay. *Id.* ¶ 21. Defendant only distributed cash tips to Plaintiff; Defendant distributed credit card tips to managers at Chimi Mundo—including himself—totaling an average of about $200 per week. *Id.* ¶¶ 22–27. Neither Plaintiff nor Defendant kept time records. *Id.* ¶ 28. Defendant also failed to post notices of Plaintiff's rights under the FLSA and NYLL and to give her notice of pay rates. *Id.* ¶¶ 29–32.

Plaintiff filed this action on January 9, 2023. ECF No. 1. Plaintiff initially sued Maria Leonardo, Chimi Mundo on Wheels, Inc., Chimi Mundo Lounge, Inc., and Chimi Mundo and Restaurant Corp. *See id.* She later filed an amended complaint on May 28, 2025 substituting Aragones as the sole defendant. *See* ECF Nos. 21, 22.

Plaintiff then served Defendant on August 5, 2025 by delivering a copy of the amended summons and complaint to Defendant's dwelling pursuant to Rule 4(e)(2)(B). ECF No. 30; Fed. R. Civ. P. 4(e)(2)(B). Defendant's answer was due on August 26, 2025, but Defendant failed to answer or otherwise appear. Plaintiff then requested a certificate of default, and the Clerk of the Court entered Defendant's default on October 24, 2025. ECF Nos. 34, 35.

In light of Defendant's failure to appear, the Court held a default conference on November 18, 2025. Defendant did not appear at the conference. This motion followed.

## II. Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of Court enters a party's default pursuant to Rule 55(a) by recording a notation of the party's default on the docket maintained by the Clerk. *See id.*; Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. *See* Fed R. Civ. P. 55(b). Even after entry of default, the court retains discretion over whether to grant a final default judgment. *Avanti Enters., Inc.*

*v. A & T Produce*, No. 09 CV 1185, 2010 WL 3924771, at *1 (E.D.N.Y. July 21, 2010), *report and recommendation adopted*, 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010).

On a motion for default judgment, the Court must accept a plaintiff's well-pleaded factual allegations as true, as the defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, the Court need not accept legal conclusions and has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

## III. Analysis

After reviewing the record, I conclude that substantive and procedural deficiencies require denial of Plaintiff's motion for default judgment. Plaintiff's amended complaint lacks nonconclusory allegations sufficient to establish Defendant's liability under the FLSA as a matter of law. Plaintiff has also failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931. I therefore respectfully recommend that Plaintiff's motion for default judgment be denied and that Plaintiff be given an opportunity to file a second amended complaint.

### A. Liability Under the FLSA

To state a claim under the FLSA, Plaintiff must first establish the existence of an employer-employee relationship. *See Chancy v. Moods Cafe I, Inc.*, No. 25-CV-4733 (AMD) (LGD), 2026 WL 1476908, at *7 (E.D.N.Y. May 26, 2026), *report and*

*recommendation adopted*, 2026 WL 1760821 (E.D.N.Y. June 18, 2026). The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).

Courts in this Circuit use an "economic reality" test to determine an employer's status, considering "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013). Courts consider the totality of circumstances in making this evaluation. *See Saleem v. Corp. Transportation Grp., Ltd.*, 854 F.3d 131, 139 (2d Cir. 2017).

Individuals may be considered employers under the FLSA so long as they maintain "operational control" over the company "in a manner that relates to the plaintiff's employment." *See Irizarry*, 722 F.3d at 109–10. An individual defendant exercises operational control when that person's "role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110.

Plaintiff fails to sufficiently allege that Defendant was her employer, as the amended complaint's conclusory allegations merely restate the economic reality test. Plaintiff alleges that Defendant "determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." Am. Compl. ¶ 13.

These conclusory allegations are essentially a legal conclusion couched as factual allegations; they are insufficient to plead that Defendant was Plaintiff's employer under the FLSA. *See, e.g., Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-CV-1104, 2021 WL 11690645, at *8 (E.D.N.Y. Aug. 5, 2021) ("boilerplate allegations that simply recite the elements of the economic reality test" found insufficient to state a claim upon which default judgment could be granted) (cleaned up). Plaintiff's further allegations that Defendant was "the owner and manager of Chimi Mundo" and that Defendant "maintained a policy and practice" of distributing cash tips but unlawfully appropriating credit card tips, Am. Compl. ¶¶ 22–25, do not nudge the amended complaint over the line. Plaintiff must plead facts concerning Defendant's operational control over Chimi Mundo in a manner that relates to her employment, *Irizarry*, 722 F.3d at 109–110, for instance by asserting that Defendant hired or fired her or explaining how Defendant controlled Plaintiff's work schedule, conditions of employment, or compensation. As it stands, the amended complaint does not allege that Defendant ever interacted with Plaintiff or even that Defendant ever visited the restaurant.[1]

Because Plaintiff has failed to allege an employer-employee relationship under the FLSA, she fails to state a federal claim upon which relief can be granted. I

[1] Plaintiff's declaration filed in support of her motion for default judgment provides limited additional details. The Court may not consider documents outside the pleadings when evaluating a defendant's liability on a motion for default judgment. *See J&J Sports Prods., Inc. v. Abdelraouf*, No. 18-CV-2547, 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) ("The reason for this rule is simple: a default judgment cannot be entered unless a defendant was given adequate notice of the claims alleged by plaintiff; notice, in turn, is established by the facts alleged in the complaint."). Moreover, while the declaration provides more detail about Plaintiff's work duties, it remains conclusory as to Defendant's role as her "employer."

therefore recommend denying her motion for default judgment on this claim and giving her the opportunity file a second amended complaint.

**B. Supplemental Jurisdiction Over Plaintiff's NYLL Claims**

Should the Court adopt my conclusion that Plaintiff has failed to state an FLSA claim, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state NYLL claims.

Plaintiff brings this case in federal court pursuant to federal question jurisdiction. Am. Compl. ¶ 4 (citing 28 U.S.C. § 1331). Federal courts may exercise supplemental jurisdiction over state law claims where they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Courts in this Circuit generally decline to exercise supplemental jurisdiction over a plaintiff's NYLL claims after dismissing a plaintiff's FLSA claims. *See Qi v. Bayside Chicken Lovers Inc.*, No. 21-CV-6018, 2023 WL 2632494, at *6 (E.D.N.Y. Mar. 24, 2023) (collecting cases). Courts are more inclined to decline supplemental jurisdiction where, as here, the case is in early stages of litigation and no discovery has been taken. *See Novikov v. 141 Mansion Ave Rest. LLC*, No. 25-CV-1581 (ENV) (SDE), 2026 WL 274392, at *6 (E.D.N.Y. Jan. 29, 2026) (collecting cases). Therefore, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims following the denial of

default judgment on Plaintiff's FLSA claims. *See Baez v. Mi Pueblo Corp.*, No. 23-CV-2097 (RER) (MMH), 2024 WL 4093473, at *6–7 (E.D.N.Y. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4648138 (E.D.N.Y. Sept. 30, 2024) (declining to exercise supplemental jurisdiction over NYLL claims when denying default judgment on FLSA claims).[2]

### C. Compliance with the Servicemembers Civil Relief Act

In addition to the substantive pleading deficiency discussed above, an additional procedural defect precludes entry of default judgment. Pursuant to the Servicemembers Civil Relief Act (the "Act"), a plaintiff seeking default judgment must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(A); *see Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD) (VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021). The affidavit "must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered." *Tenemaza*, 2021 WL 8317120, at *5 (quoting *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)). Failure to comply with the Act's requirements is an independent reason for denying a motion for default judgment. *See Tenemaza*, 2021 WL 8317120, at *5.

[2] The NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and "the analysis of the employment relationship under both statutes is based on the same factors." *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 247 (E.D.N.Y. 2024) (quoting *Mahoney v. Amekk Corp.*, 14-CV-4131, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016)) (collecting cases), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016); *see also* N.Y. Lab. Law §§ 162. Thus, even if the Court were to exercise supplemental jurisdiction over Plaintiff's NYLL claims, they would nevertheless fail for the same reasons discussed above in the FLSA context.

Here, Plaintiff has failed to establish compliance with the Act in connection with her motion for default judgment. Plaintiff's counsel's affirmation explains that "[u]pon information and belief, none of the aforesaid persons are in the military service" as defined by the Act. Affirmation of Service, ECF No. 37-10. This conclusory statement is insufficient to show compliance with the Act because it fails to specify any steps Plaintiff took to determine Defendant's military status. Courts have routinely denied motions for default judgment for that exact reason. *See Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1–2 (E.D.N.Y. Sept. 26, 2018) (collecting cases explaining that affidavit "may not be based on conclusory statements or on 'information and belief'"). Because Plaintiff has failed to comply with the Act, Plaintiff's motion for default judgment also fails on this independent basis.

## III. <u>Conclusion</u>

For the reasons stated above, I respectfully recommend that the Court deny Plaintiff's motion for default judgment without prejudice. I also recommend that Plaintiff be given 30 days from the order adopting this report and recommendation, if adopted, to file and serve a second amended complaint. If Plaintiff fails to refile and serve, I recommend that this action be dismissed with prejudice as to the federal claims and without prejudice for lack of subject matter jurisdiction as to the state law claims.

* * * * *

Objections to this report and recommendation must be filed within fourteen (14) days of service. Failure to file objections within the specified time waives the

right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision") (quotation marks omitted).

SO RECOMMENDED.

/s/ Clay H. Kaminsky_________
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: August 18, 2026
Brooklyn, New York